IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD L. MESICK and ADRIENNE L. MESICK, on behalf of themselves and a class,<br><br>Plaintiffs,<br><br>vs.<br><br>FREEDMAN, ANSELMO, LINDBERG & RAPPE, LLC,<br><br>Defendant. | FILED COPY: MAY 9, 2008<br>08CV2695    EDA<br>JUDGE ST. EVE<br>MAGISTRATE JUDGE KEYS |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs bring this action to secure redress against the imposition of bogus and misrepresented fees in connection with mortgage foreclosure proceedings. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper

because defendant is located here.

## PARTIES

4. Plaintiffs are husband and wife and own and reside in a home located at 2412 - 18th Avenue, Moline, IL 61265.

5. Defendant Freedman, Anselmo, Lindberg & Rappe, LLC is a law firm organized as an Illinois limited liability company with offices at 1807 West Diehl Road, Suite 333, Naperville, IL 60563.

6. The practice of defendant Freedman, Anselmo, Lindberg & Rappe, LLC consists of the collection of debts allegedly owed by consumers to others, including residential mortgage loans.

7. Defendant's Web site states that "Freedman Anselmo Lindberg and Rappe LLC (FAL&R) is a full-service foreclosure law firm.... The firm's capabilities in the area of creditors' rights are unequaled in that it has a sizable, experienced staff, including attorneys, clerks, and paralegals, who concentrate exclusively on the entire residential foreclosure process."

8. Freedman, Anselmo, Lindberg & Rappe, LLC files hundreds of foreclosure actions per year.

9. Defendant Freedman, Anselmo, Lindberg & Rappe, LLC is a "debt collector" as defined in the FDCPA.

## FACTS

10. On September 25, 2007, Freedman, Anselmo, Lindberg & Rappe, LLC filed a foreclosure lawsuit against plaintiffs in Rock Island, Illinois, entitled "U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust 2006-4 v. Edward L.

Mesick and Adrienne L. Mesick, et al.," 07 CH 407.

11. The case is still pending.

12. The foreclosure lawsuit sought to collect a debt secured by plaintiffs' principal residence and incurred for personal, family or household purposes and not for business purposes.

13. On or about February 25, 2008, an "affidavit of attorney's fees and costs" was filed listing service costs at $405. The affidavit was signed by an unidentifiable attorney at Freedman, Anselmo, Lindberg & Rappe, LLC. A copy of the affidavit is attached as Exhibit A.

14. The affidavit states that "[p]ursuant to the terms of the Note and Mortgage Deed, the Mortgagor-defendants are also obligated to pay all expenses of these foreclosure proceedings; the known expenses to date which the Plaintiff has paid, or has become obligated to pay are as follows: ... Costs of Service ... $405.00."

15. The affidavit is a template document, prepared by inserting names, dates and numbers into a template.

16. The "Costs of Service" is part of the template.

17. No public official or private process server received or is owed $405 for services in connection with the foreclosure lawsuit.

18. Illinois Supreme Court Rule 101(d) requires that the officer or other person to whom a summons is given for service return it with "indorsement of service and fees."

19. The summonses in the foreclosure lawsuit were served by Russwurm Services, Ltd., d/b/a DocumentServe Express, a licensed Illinois private investigation service.

20. On information and belief no amount was indorsed on the summonses

served.

21. The $405.00 actually represents the amount of a bill from Provest LLC.

22. Provest LLC describes itself (www.provest.us) as a "process server management company" that "[s]pecializ[es] in loss mitigation, location of mortgage borrowers and foreclosure support" and is a member of the Mortgage Bankers Association, American Legal & Financial Network, and United States Foreclosure Network.

23. The number inserted in the affidavits filed by defendant frequently includes the fees of Provest and other companies engaged in similar businesses, and which do not represent fees for the actual service of process by the person or persons engaged in such service.

24. The fees of a company such as Provest are not "costs of service" and are not accurately identified in the affidavit.

25. Defendant Freedman, Anselmo, Lindberg & Rappe, LLC has regularly caused affidavits to be filed in foreclosure proceedings that include as "costs of service" amounts paid to Provest and other companies that do not reflect actual amounts disbursed to persons that serve process.

## COUNT I – FDCPA

26. Plaintiffs incorporate paragraphs 1-25.

27. By describing and attempting to collect as court costs sums which are not collectible as such, defendant Freedman, Anselmo, Lindberg & Rappe, LLC violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1):

28. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> > (2)    The false representation of--
> >
> > > (A)    the character, amount, or legal status of any debt; or
> > >
> > > (B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .
> >
> > (5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
> >
> > (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

29.    Section 1692f provides:

**§ 1692f.    Unfair practices [Section 808 of P.L.]**

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

## CLASS ALLEGATIONS

30.    Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

31.    The class consists of (a) all natural persons (b) from whom Freedman, Anselmo, Lindberg & Rappe, LLC attempted to collect (c) through the filing of an "affidavit of

5

attorney's fees and costs" or otherwise (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action (e) "costs of service" (f) which included charges for service of process representing amounts paid to Provest or other persons other than the one that actually served process.

32. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether defendant engaged in a practice of attempting to collect as court costs amounts charged by Provest and similar companies;

    b. Whether calling such amounts court costs is a misrepresentation;

    c. Whether such amounts are unauthorized;

    d. Whether such practice violates the FDCPA.

34. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Moreover, the essence of the practice complained of is the deception of the consumer, and most consumers will not become aware of

the facts.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

/s/
_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


Joel Deutsch
DEUTSCH & DEUTSCH
1825 3rd Ave.
Rock Island, IL 61201
(309) 788-9541
(309) 794-1195 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

_____
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

JUDGE ST. EVE
MAGISTRATE JUDGE KEYS

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 14TH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

W0708122
U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE STRUCTURED
ASSET INVESTMENT LOAN TRUST,
2006-4

      Plaintiff,

v.

EDWARD L. MESICK; et al.

      Defendants.

CASE NO. 07 CH 407

FILED in the CIRCUIT COURT
of ROCK ISLAND COUNTY
GENERAL DIVISION

FEB 2 5 2008

Lisa L. Dusman
Clerk of the Circuit Court

## AFFIDAVIT OF ATTORNEY'S FEES AND COSTS
735 ILCS 5/15-1506(a)(1)

Pursuant to 735 ILCS 5/15-1506(a)(1), the undersigned, being duly sworn, states and affirms the following facts by way of prove-up of the complaint heretofore filed herein:

1. That he is the attorney for U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-4

2. That he/she is familiar with the material allegations of the complaint heretofore filed in the above entitled cause, and that those allegations are true in substance and in fact.

3. Pursuant to the terms of the Note and Mortgage Deed, the Mortgagor-defendants are also obligated to pay all expenses of these foreclosure proceedings; the known expenses to date which the Plaintiff has paid, or has become obligated to pay are as follows:

| | |
|---|---|
| Clerk | $231.00 |
| Costs of Service | $405.00 |
| Recorder | $42.50 |
| Title | $400.00 |
| Attorney's Fees | $1100.00 |
| | |
| Total | $2178.50 |

4. That there are other charges which the Mortgagor-defendants are obligated to pay under the terms of said Note and Mortgage Deed, and while these charges are not definitely ascertainable at this time, provision for their payment and assessment should be made in the Judgment of Foreclosure.

5. That the premises herein is commonly known as 2412 18th Avenue, Moline IL 61265.

IMAGED

6.  That no part of the attorney's fee has been paid to any non-attorney.

_____
One of the Attorneys for Plaintiff

STATE OF ILLINOIS    )

COUNTY OF DUPAGE    )

I, the undersigned, being first duly sworn on oath, depose and state that I am the attorney for that I have read the foregoing affidavit and that the contents thereof are true and correct in substance and in fact.

_____
One of the Attorneys for Plaintiff

SUBSCRIBED AND SWORN TO BEFORE ME THIS

DATE _February 14, 2008_

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
STEFANIE HATLEY
Notary Public, State of Illinois
My Commission Expires 10/13/2010

Freedman Anselmo Lindberg & Rappe LLC
1807 W. Diehl Road, Suite 333
Naperville, IL 60563-1890
630-983-0770    866-402-8661
630-983-7888 (fax)
Attorney No. Cook 26122, DuPage 42005, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232

R303

