IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD L. MESICK and ADRIENNE L. MESICK, on behalf of themselves and a class, | ) ) ) ) | Case No.: 08 CV 2695 |
| Plaintiff, | ) ) | Judge St. Eve |
| v. | ) ) | Magistrate Judge Keys |
| FREEDMAN, ANSELMO, LINDBERG & RAPPE, LLC. | ) ) ) ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Freedman, Anselmo, Lindberg & Rappe, LLC, by its attorneys David M. Schultz and Justin M. Penn, and for its Answer and Affirmative Defenses to the plaintiff's Complaint, states as follows:

### INTRODUCTION

1.      Plaintiffs bring this action to secure redress against the imposition of bogus and misrepresented fees in connection with mortgage foreclosure proceedings. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:   Defendant admits that plaintiff's Complaint purports to state class action claims for purported violations of the FDCPA.   Defendant specifically denies that any such violation has occurred as alleged in the Complaint, denies that a**

class exists or should be certified, and denies that the plaintiff or putative class is entitled to any damages, statutory or otherwise.  Defendant denies the remaining allegations accurately characterize the nature and prohibitions of the FDCPA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. § 1692k (FDCPA).

ANSWER:    Defendant admits that jurisdiction is proper for all properly pled causes of action arising under the FDCPA.

3.      Venue and personal jurisdiction over defendant in this District is proper because defendant is located here.

ANSWER:    Defendant admits that venue and personal jurisdiction are proper.

## PARTIES

4.      Plaintiffs are husband and wife and own and reside in a home located at 2412 - 18th Avenue, Moline, IL 61265.

ANSWER:    Defendant admits that the address in this paragraph is the last known address it has for the plaintiff.  Upon information and belief, defendant admits that plaintiffs are husband and wife.  Defendant denies the remaining allegations this paragraph.

5.      Defendant Freedman, Anselmo, Lindberg & Rappe, LLC is a law firm organized as an Illinois limited liability company with offices at 1807 West Diehl Road, Suite 333, Naperville, IL 60563.

ANSWER:    Defendant admits the allegations contained in this paragraph.

6.     The practice of defendant Freedman, Anselmo, Lindberg & Rappe, LLC consists of the collection of debts allegedly owed by consumers to others, including residential mortgage loans.

**ANSWER:   Defendant denies that the allegations contained in this paragraph accurately characterize the nature and scope of the defendant's practice.  Defendant admits that its practice involves the filing of residential mortgage foreclosures. Defendant denies the remaining allegations contained in this paragraph, if any.**

7.     Defendant's Web site states that "Freedman Anselmo Lindberg and Rappe LLC (FAL&R) is a full-service foreclosure law firm.... The firm's capabilities in the area of creditors' rights are unequaled in that it has a sizable, experienced staff, including attorneys, clerks, and paralegals, who concentrate exclusively on the entire residential foreclosure process."

**ANSWER: Defendant admits that the language quoted in this paragraph accurately quotes only a portion of the languages appearing on defendant's website.**

8.     Freedman, Anselmo, Lindberg & Rappe, LLC files hundreds of foreclosure actions per year.

**ANSWER:   Defendant admits that it files more than 100 foreclosures per year.  However, defendant denies that the allegations accurately characterize the nature of its practice.**

9.     Defendant Freedman, Anselmo, Lindberg & Rappe, LLC is a "debt collector" as defined in the FDCPA.

**ANSWER:   Defendant admits that it acts as a "debt collector" as defined by the FDCPA in many instances and for many purposes.  Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of whether it was acting as a "dent collector" as defined by the FDCPA with respect to the**

**plaintiff since defendant does not know the nature of the use of the property giving rise to the plaintiff's underlying obligation.**

## FACTS

10.     On September 25, 2007, Freedman, Anselmo, Lindberg & Rappe, LLC filed a foreclosure lawsuit against plaintiffs in Rock Island, Illinois, entitled "U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust 2006-4 v. Edward L. Mesick and Adrienne L. Mesick, et al.," 07 CH 407.

**ANSWER:   Defendant admits that, on behalf of its client, it filed a case entitled, *U.S. Bank National Association, as Trustee for the Structured Investment Loan Trust 2006-4 v. Edward L. Mesick and Adrienne L. Mesick, et al.*, Case No. 07 CH 407, filed in the Circuit Court for the 14th Judicial Circuit, Rock Island County, Rock Island, Illinois, in order to enforce its client's rights under a note secured by a mortgage.  Defendant denies the remaining allegations contained in this paragraph, if any.**

11.     The case is still pending.

**ANSWER:   Defendant admits the allegations contained in this paragraph.**

12.     The foreclosure lawsuit sought to collect a debt secured by plaintiffs' principal residence and incurred for personal, family or household purposes and not for business purposes.

**ANSWER:   Defendant admits that the lawsuit sought to enforce a note secured by a mortgage.  Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of the remaining allegations contained in this**

paragraph since defendant does not know the nature of the use of the property giving rise to the plaintiff's underlying obligation.

13. On or about February 25, 2008, an "affidavit of attorney's fees and costs" was filed listing service costs at $405. The affidavit was signed by an unidentifiable attorney at Freedman, Anselmo, Lindberg & Rappe, LLC. A copy of the affidavit is attached as Exhibit A.

**ANSWER: Defendant denies that the allegations of this paragraph accurately characterize the nature of the affidavit attached as Exhibit A. Defendant admits that Exhibit A purports to be a copy of the affidavit of fees and costs that was filed in the underlying case, and that it correctly identifies the amount that defendant incurred and paid for costs and expenses related to service. Defendant denies the remaining allegations contained in this paragraph.**

14. The affidavit states that "[p]ursuant to the terms of the Note and Mortgage Deed, the Mortgagor-defendants are also obligated to pay all expenses of these foreclosure proceedings; the known expenses to date which the Plaintiff has paid, or has become obligated to pay are as follows: ... Costs of Service ... $405.00."

**ANSWER: Defendant admits that the language contained in this paragraph accurately restates a portion of the language contained on the certificate attached as Exhibit A.**

15. The affidavit is a template document, prepared by inserting names, dates and numbers into a template.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in this paragraph since it does not know what the term "template" means as used in the Complaint.**

**Defendant admits that certificates generally have a similar format, which includes the applicable names, dates and numbers.**

16.     The "Costs of Service" is part of the template.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in this paragraph since it does not know what the term "template" means as used in the Complaint.**

17.     No public official or private process server received or is owed $405 for services in connection with the foreclosure lawsuit.

**ANSWER:   Defendant denies the allegation contained in this paragraph.**

18.     Illinois Supreme Court Rule 101(d) requires that the officer or other person to whom a summons is given for service return it with "indorsement of service and fees."

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

19.     The summonses in the foreclosure lawsuit were served by Russwurm Services, Ltd., d/b/a DoumentServe Express, a licensed Illinois private investigation service.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph since defendant hired Provest, not Russwurm, to effectuate service on the plaintiff. Defendant states that in the course of this litigation it has learned that some entity other than Provest may have effectuated service on the plaintiff, and that this may have been Russwurm or some other private service agency.**

20.     On information and belief no amount was indorsed on the summonses served.

**ANSWER:   Defendant admits there was no indorsement on the summons itself, but denies the implication that such indorsement was required to recover the charge.**

21.    The $405.00 actually represents the amount of a bill from Provest LLC.

**ANSWER:   Defendant admits that it paid Provest $405.00 for the costs and expenses associated with the service of the Complaint.  Defendant denies the remaining allegations contained in this paragraph, if any.**

22.    Provest LLC describes itself (www.provest.us) as a "process server management company" that "[s]pecializ[es] in loss mitigation, location of mortgage borrowers and foreclosure support" and is a member of the Mortgage Bankers Association, American Legal & Financial Network, and United States Foreclosure Network.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this information since defendant did not create the website referenced in this paragraph.**

23.    The number inserted in the affidavits filed by defendant frequently includes the fees of Provest and other companies engaged in similar businesses, and which do not represent fees for the actual service of process by the person or persons engaged in such service.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

24.    The fees of a company such as Provest are not "costs of service" and are not accurately identified in the affidavit.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

25.    Defendant Freedman, Anselmo, Lindberg & Rappe, LLC has regularly caused affidavits to be filed in foreclosure proceedings that include as "costs of service"

amounts paid to Provest and other companies that do not reflect actual amounts disbursed to persons that serve process.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

## COUNT I — FDCPA

26.   Plaintiffs incorporate paragraphs 1-25.

**ANSWER:   Defendant restates incorporates herein all of its responses to paragraphs one through 25 as if fully restated herein.**

27.   By describing and attempting to collect as court costs sums which are not collectible as such, defendant Freedman, Anselmo, Lindberg & Rappe, LLC violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1):

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

28.   Section 1692e provides:

**§ 1692e.   False or misleading representations [Section 807 of P.L.]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. .

(2)   The false representation of-

    (A)   the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt... .

(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken... .

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer... .

**ANSWER:** Defendant admits that the language in this paragraph accurately restates a portion of the FDCPA. Defendant denies that it violated this, or any section of the FDCPA with respect to its conduct as alleged in the Complaint.

29. Section 1692f provides:

**§ 1692f.    Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law... .**

**ANSWER:** Defendant admits that the language in this paragraph accurately restates a portion of the FDCPA. Defendant denies that it violated this, or any section of the FDCPA with respect to its conduct as alleged in the Complaint.

## CLASS ALLEGATIONS

30.    Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

**ANSWER:** Defendant admits that plaintiff's Complaint is purported to be brought on behalf of a class. Defendant denies a class is appropriate and denies all remaining allegations contained within this paragraph.

31.    The class consists of (a) all natural persons (b) from whom Freedman, Anselmo, Lindberg & Rappe, LLC attempted to collect (c) through the filing of an "affidavit of attorney's fees and costs" or otherwise (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action (e) "costs of service" (f) which included charges for service of process representing

amounts paid to Provest or other persons other than the one that actually served process.

**ANSWER:   Defendant admits that plaintiff's Complaint is purported to be brought on behalf of a class.  Defendant denies a class is appropriate and denies all remaining allegations contained within this paragraph.**

32.   The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER:   Defendant admits that plaintiff's Complaint is purported to be brought on behalf of a class.  Defendant denies a class is appropriate and denies all remaining allegations contained within this paragraph.**

33.   There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a.   Whether defendant engaged in a practice of attempting to collect as court costs amounts charged by Provest and similar companies;

    b.   Whether calling such amounts court costs is a misrepresentation;

    c.   Whether such amounts are unauthorized;

    d.   Whether such practice violates the FDCPA.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

34.   Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

35.   Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Moreover, the essence of the practice complained of is the deception of the consumer, and most consumers will not become aware.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

For its First Affirmative Defense, defendant states that any violation of the FDCPA, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### *Second Affirmative Defense*

For its Second Affirmative Defense, defendant states that any recovery to the plaintiff or the putative class, which defendant denies is appropriate, should be set off by the amount that the plaintiff and putative class members owe on the underlying notes and corresponding lawsuits.

### *Third Affirmative Defense*

For its Third Affirmative Defense, defendant asserts that the plaintiff's claims are barred by the litigation privilege and doctrine of absolute witness immunity.

### *Fourth Affirmative Defense*

For its Fourth Affirmative Defense, defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses. Defendant reserves the right to amend its Affirmative Defenses to address those potential defenses.

### *Fifth Affirmative Defense*

For its Fifth Affirmative Defense, defendant states that that the Free Speech Clause and the Right to Petition clause the First Amendment preclude the imposition of

strict liability under the FDCPA for the content of a civil suit; applying §15 U.S.C. §§1692e and 1692f of the FDCPA to reasonably based pleadings filed in state court would render the FDCPA unconstitutional vague and overbroad as applied under the Petition Clause of the First Amendment, the substantive due process clause of the Fourteenth Amendment, and exceed Congress' authority under the Commerce Clause of Article I of the United States Constitution.

*Sixth Affirmative Defense*

For its Sixth Affirmative Defense, defendant states that plaintiff has waived his right to challenge the amount or characterization of the amount sought by the defendant when plaintiff agreed to pay for the amount and agreed that it was reasonable.

WHEREFORE, defendant, Freedman, Anselmo, Lindberg & Rappe, LLC, respectfully requests that the Court dismiss the Complaint in its entirety and grant such other and further relief in its favor as the Court deems just and proper

                                                      Respectfully submitted,

                 By:        s/Justin M. Penn
                                         One of the Attorneys for Defendant

David M. Schultz
Justin M. Penn
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

6325429v1 889300

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on July 2, 2008, Defendant's **Answer and Affirmative Defenses to the Complaint,** was electronically file using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Justin M. Penn  
Justin M. Penn